UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER FOSTER; SHANNELL HADDON; LAWRENCE JOHNSON; and DINA TELLEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SPOKANE COUNTY, WASHINGTON; DAVID SKOGEN; and CRAIG CHAMBERLAIN,<br><br>Defendants. | NO: CV-13-411-RMP<br><br>PROTECTIVE ORDER |

IT IS HEREBY ORDERED that the following procedures shall apply to the personnel, internal affairs, training records, hiring files, employment files, FTO files, administrative files and any other files pertaining to deputies of Spokane County Sheriff's Department, and any documents, written or other that contain any personal information regarding any third party in the above-referenced matter or not a party hereto but pursuant to a request for release by Plaintiff's counsel.

PROTECTIVE ORDER ~ 1

Spokane County has designated these records as confidential subject to the following provisions:

    1. The personnel records, employment records, hiring files, administrative files, training records, and/or internal affairs reports and/or investigations, financial and tax records, of all deputies of the Spokane County Sheriff's Department (herein "Records"), and shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

        a. The party(ies), their attorneys and the attorney's employees;

        b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

        c. Any other person with prior written consent of the party producing the documents.

    2. All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the order and consents to be bound

by its terms. Attached hereto as Exhibit A is a sample copy of a consent form.

3. All documents bearing the social security, dates of birth, bank account identifications, financial information, and driver's license of any individual, whether a sheriff deputy or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

4. All documents bearing the addresses and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's friends and families shall be redacted prior to providing a copy of the same to Plaintiff's counsel.

5. The addresses and phone numbers of non-party individuals mentioned, referenced, or noted in any way in the above-referenced documents (Paragraph 1) shall also be redacted.

6. Prior to the filing or submission into evidence in this action of any "Confidential" material (including the filing of any pleadings which incorporate or disclose "Confidential" material) by counsel for either party in this action, said counsel shall seal said and is to be retained under seal unless ordered by the Court to be opened. Such sealing and filing shall be accomplished in accordance with the appropriate court rules for filing material under seal, and the material shall remain under

PROTECTIVE ORDER ~ 3

seal with the Court order otherwise. Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public. Only persons authorized under the provisions of this Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be give access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof.

7. Upon completion of this litigation, all copies of the Records or documents or testimony with references thereto shall, at Spokane County's option, be destroyed or returned to Spokane County's counsel. This is to include all copies <u>reproduced</u> by any party, agent, employee or expert of Plaintiffs and Co-Defendants.

8. No documents or information from the Records shall be used for any purpose unrelated to the conduct of this litigation.

9. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Records in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

PROTECTIVE ORDER ~ 4

10. Nothing in this order shall prevent any party hereto from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

11. Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may be subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 8th day of May 2014.

                *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
                Chief United States District Court Judge

PROTECTIVE ORDER ~ 5